From: The District Court of the Tenth Judicial District. County of Fergus.

STATE OF MONTANA, Plaintiff, vs. ROBERT LEE HUMBLE, Defendant.

NO. 2688

## DECISION

The application of the above-named defendant for a review of the sentence of two 3 year concurrent sentences on 2 counts of No Account Checks, imposed on June 10th, 1969, was fully heard and after a careful consideration of the entire matter it is decided that:

The sentence be and remain as originally imposed.

The presumption being that the sentencing judge was correct in his determination, we are unable to say that these sentences are not proper, reasonable, and sufficiently lenient, the crimes, the individual, and the sentencing goals kept in mind, particularly when it is considered that the sentences in this case could have been up to 5 years imprisonment, or a fine of $5,000, or both, on each count, and that the sentences could have been consecutive rather than concurrent. That restitution was made has been considered, however, it also appears that defendant originally received leniency by way of deferred imposition of sentence and only received the sentences here concerned after violation of the conditions of the deferred sentence. Further, defendant will be eligible for parole consideration in December, 1969, after being received June 12, 1969.

We thank John Northey, Esq., of the Montana Defender Project for his assistance to the defendant and to the Court.

DATED this 20th day of October, 1969.

### SENTENCE REVIEW DIVISION

Philip C. Duncan, chairman; Paul G. Hatfield, Jack D. Shanstrom.

From: The District Court of the Seventeenth Judicial District. County of Valley.

STATE OF MONTANA, Plaintiff, vs. MINERD C. JENSEN, Defendant.

## DECISION

The application of the above-named defendant for a review of the sentence of ten years for First Degree burglary imposed on August 27, 1964, was fully heard and after a careful consideration of the entire matter it is decided that:

The sentence be and remain as originally imposed.

Since the presumption is that the sentencing judge was correct in his assessment of the situation, we are unable to say that the sentence was not proper, reasonable, and sufficiently lenient, the crime, the individual, and the sentencing goals kept in mind. It may be that defendant has no prior felony conviction, but it must be said that the law provides for a sentence of up to 15 years for this crime, that defendant is a parole violator with respect to his present sentence, and in November, 1969, defendant will be eligible for parole consideration.

DATED this 20th day of October, 1969.

### SENTENCE REVIEW DIVISION

Philip C. Duncan, chairman; Paul G. Hatfield, Jack D. Shanstrom.